The next case this morning is number 521-0263, Allen, et cetera, versus Missouri Baptist Medical Center, et al. Arguing for the appellant, Missouri Baptist Medical Center is Terrence O'Toole. Arguing for the appellee, Richard Allen, personal representative and executor of the estate of Barbara Sasan is Michael Lotvogel. Each side will have 15 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Good morning, gentlemen. Morning. Morning, Your Honor. Mr. O'Toole, you look like you're in our courthouse with that podium. I'm trying my best here, Judge. Well, are you ready to proceed on behalf of Missouri Baptist? I am, Your Honor. All right, you may do so. Thank you. May it please the court. This case involves the question of whether a Missouri hospital's acceptance of the transfer of a patient from Illinois at the request of an Illinois healthcare provider in September of 2018 may serve as the basis for specific jurisdiction over that Missouri hospital for medical care and treatment that occurred solely in Missouri. In holding that the appellee may bring this lawsuit alleging medical malpractice against Missouri Baptist for care that occurred exclusively in Missouri, the trial court made an error that requires reversal. Specifically, the trial court's ruling that Missouri Baptist purposely availed itself of the benefits and privileges of doing business in Illinois by passively accepting the transfer of a patient from Illinois at the request of an Illinois healthcare provider for medical care solely to be provided in Missouri is directly contradictory of U.S. Supreme Court precedent and the well-established precedent of the courts of this state regarding specific jurisdiction. Namely that specific jurisdiction against an out-of-state defendant exists only when the cause of action arises out of contacts that the defendant itself created within the forum state, not contacts created by the plaintiff or a third party such as we have in this case. Council, let me ask you a question. Isn't Missouri Baptist owned by Barnes-Jewish? It is part of the BJC healthcare system. Yes, Judge. Is that anywhere in the record? It is not. Is that something we can take judicial notice of? I believe a court could take judicial notice of it. However, I would note that for purposes of determining personal jurisdiction in this case, there was an affidavit filed by Missouri Baptist that demonstrates it is a Missouri corporation that has no contacts with Illinois. And so because that affidavit has not been contradicted by the plaintiff, it must be accepted as fact and must be the sole basis for the court to determine personal jurisdiction in this case. Mr. Artul, in paragraph 30 of count 13, it says defendant engaged in advertising and other acts that would lead a reasonable person to conclude that the physicians and nurses who treated Barbara Sisson, including defendant Giuseppe Alaperte were its employees or agents. Are you aware that Dr. Alaperte is an Illinois licensed physician? Well, Judge, I would point out two things. Could you just answer my question first? Well, yes, I am aware that Dr. Alaperte is an Illinois physician. He's not contested personal jurisdiction in this case. Correct, but if he's your agent, and one of the things that is uncontested is this paragraph 30, that he engaged in advertising and other acts that would lead a reasonable person to conclude that the physicians and nurses who treated Barbara Sisson, including defendant Alaperte were its employees or agents. The other entity that has not contested jurisdiction because it can't is the corporation for which Dr. Alaperte was employed, correct? Well, Dr. Alaperte is not an employee of Missouri Baptist. That's not something that you've contested, and nobody's filed an answer denying that, have they? We have denied that the court has personal jurisdiction over Missouri Baptist for the allegations in the case. I understand, but nobody has denied paragraph 30 or 29 of count 13, which talks about, in fact, it has the general jurisdiction language found in Burger King, doesn't it? It does, Judge, but I would point out two things to distinguish those allegations from what's at issue in this case. Okay. That is namely that plaintiff has neither alleged that the advertising was the result that caused the jurisdictional nexus, nor is the allegation of the transfer the jurisdictional nexus. And that's what's very important for purposes of determining specific jurisdiction. There's a two-part analysis that the defendant has purposely availed itself, has reached out into Illinois to create the contact, and that the cause of action arose out of those contacts. And in this case, there is no allegate what the cause of action is that plaintiff has alleged is medical malpractice that occurred solely in Missouri by plaintiff's own admission. If you take their allegations as true, Missouri Baptist simply received a phone call from unsolicited from an Illinois provider to Missouri and accepted transfer of the patient to Missouri for medical care. The claims against Missouri Baptist arise solely from those medical care that occurred in Missouri, not from any advertising, not from the transfer of the patient. It's solely alleged that the claims are medical malpractice that occurred in Missouri. And so you have actually no purposeful availment on the part of Missouri Baptist because there was no reaching into Illinois. It was the other way around. It's solely came from Illinois into Missouri and Missouri Baptist passively accepted the transfer of the patient to the hospital, the medical care then occurred in Missouri. And that is what the cause of action arises from. And as the well-established precedent in both the US Supreme Court and the courts of this state have said is, even if a defendant has the requisite minimal contacts, if the cause of action does not arise out of the alleged conduct, then it does not establish specific jurisdiction. And in this case, the cause of action is medical malpractice for care that occurred exclusively in Missouri, not the alleged negligence in accepting the patient or the alleged negligence in transfer the patient, solely the medical care that occurred in Missouri. And that cannot establish specific jurisdiction under the cases. And I think it makes common sense because if you look at what plaintiff is trying to argue, the facts that would allow for the creation of specific jurisdiction limited solely to this case, it's that a Missouri corporation received a contact from an Illinois provider. So again, no reaching into Illinois, reaching out of Illinois into Missouri. And because Missouri Baptist chose and accepts patients from Illinois, it may now be subject to specific jurisdiction in Illinois. And if you expand that further, you can see that that would essentially eliminate jurisdiction altogether. Take for example, the Cardinals, Bush Stadium. We all know that it has a wide, wide ray, and it accepts fans from all over the country, but certainly from Illinois on a daily basis. And are we to say that the St. Louis Cardinals, if they accept patrons from Illinois who come into the stadium on a daily basis and they suffer a slip and fall at Bush Stadium, that now the Cardinals can be pulled over into Madison County to litigate a case because they accepted a patron from Illinois for a slip and fall that occurred solely in Missouri? That is not the law, that can't be the law that would eliminate jurisdiction and that would cause dramatic constitutional implications and inhibit interstate commerce. And it goes further than that. Think about any business in Missouri  and solely for the fact that that individual comes from Illinois into Missouri and an action happens in Missouri. And because that defendant chose to do business with an Illinois resident, it may be pulled back into Illinois. That cannot be the law. It is not the law. And that is certainly not the basis for specific jurisdiction. Well, counsel, let's say we accept your argument on specific jurisdiction, but we find that there may be a more persuasive argument on the issue of general jurisdiction. And let me read to you from plaintiff's brief from page 32. The court did not hold nor did plaintiff argue that general jurisdiction exists over Missouri Baptist. As such, there is no need for this court's involvement in that issue. How does that affect this case? Is that forfeiture? And is personal jurisdiction an issue that can be forfeited? Yes, Judge, I would say that the plaintiff has conceded that there is no general jurisdiction over Illinois. And for good reason. Missouri Baptist conducts no business in Illinois, owns no property in Illinois, has no contracts in Illinois. Did not initiate the contact with the patient. It passively received a single phone call at the behest of an Illinois provider into Missouri. It agreed to accept a patient into Missouri solely for medical care in Missouri. So the plaintiff, the appellee is correct in conceding that there is no general jurisdiction in this case. They could never conceivably come close to it. And there isn't specific jurisdiction. Mr. O'Toole, following up on what Justice Moore indicated, assuming that you are correct on specific jurisdiction, isn't it true that you raise general jurisdiction as a part of your argument in your appellant brief? I did, Judge. We raised both to point out that there is neither general nor specific jurisdiction. And then the appellee conceded it. Well, if you raise it though, if the appellant raises the issue, isn't it true that this court can still look at the issue raised by appellant? Judge, I would think I would leave that up to your good wisdom in evaluating. I believe that in addressing the general jurisdiction, our point was simply to point out that it does not exist and could not exist under the facts of this case. Well, how is it that the plaintiffs can allege that MOBAP purposely directs activities to Illinois facilities and patients, and it agreed to a request by the Illinois defendants to accept this lady as a patient, and that they engage in advertising and other acts  that the physicians and nurses who treated Sissom in its facility, including Alaperte where its employees are aging. That is the exact language out of the general jurisdiction of the Burger King case, isn't it? Yes, Judge, but you would have to establish that we have the minimum context. We can establish that that language at least is recognized by the U.S. Supreme Court as creating jurisdiction. But yet Missouri Baptist took no action to refute those allegations. And so we must take those as true as I understand the law. Judge, I would respectfully disagree and point out that we filed in our motion to dismiss, we filed an affidavit from Missouri Baptist, which conclusively establishes that general jurisdiction cannot exist because Missouri Baptist, again, has no business, conducts no business in Illinois. It has no property in Illinois. It has no contracts in Illinois. It has none of the requisite context that could ever establish general jurisdiction. Okay, what paragraph of your affidavit are you referring to where it's, and first of all, who, so that I can look it up, who filed the affidavit that says you have no requisite contacts? Certainly, Judge, the affidavit was filed by a woman by the name of Margaret Lang, who was attached as Exhibit B to our motion to dismiss. She is an employee of and manager of the Patient Safety and Risk Management for Missouri Baptist. Yes, she only, she didn't say that there were no requisite contacts, did she? No, Judge, she simply provided the information that allows the court to come to that determination. Well, as I recall, she said that it was a Missouri corporation, right? Yes. And the employees who treated Ms. Sisson treated them in Missouri, treated her in Missouri, correct? Correct. There's no information in that affidavit as to where those employees lived at the time they treated Ms. Sisson, right? Where the employees who treated Ms. Sisson in Missouri lived? Yes. No, there is not. There is no information in the affidavit as to the fact that Missouri Baptist is owned by BJC Healthcare System, which is present in Madison County, St. Clair County, and throughout the Metro East area, is there? No, there is not. But I would again point out that BJC Health System is not a defendant in this case. I understand, but MoBAP is clearly owned and operated by an entity that does business in Illinois. Missouri Baptist is affiliated with BJC Healthcare System, but is its own freestanding corporation and a Missouri corporation alone who owns no business and property and conducts no business in Illinois. That was stated in the affidavit. Correct, but it doesn't say that it's not an agent of. It says it's its own corporation, but it doesn't make any reference in its affidavit to the fact that it is affiliated with BJC Healthcare System. Again, it did not address that because those are not alleged allegations that are part of this case. Well, we've already established that the Burger King general jurisdiction allegations are part of the complaint. So other factors such as advertising and things of that nature are not included in the affidavit by Margaret, is it Lange? Margaret Lange? Correct, Your Honor. She says nothing about the advertising efforts made by BJC System or MoBAP, does she? No, Your Honor, and I would point out that that is a result of plaintiff is not alleged that the Illinois provider was induced in any way to reach out to the Missouri provider because of advertising or because of any contact. Is that a requirement of general jurisdiction? Well, for the advertising to have a nexus with the cause in this case to provide specific jurisdiction- That wasn't my question. I know you wanna talk about specific jurisdiction, but I'm asking about general jurisdiction. Isn't it true that you don't have to have reliance on advertising when you're talking about the entity for general jurisdiction? The general jurisdiction would require the minimum contacts, Your Honor. And again, I would point out those do not exist here. I understand, but my question was, you don't need reliance on the advertising if you're talking about advertising in Illinois, reaching out into Illinois to induce patients to come to MoBeP. You don't need to prove, at least at the pleading stage, reliance in order for there to be general jurisdiction. Your Honor, I would agree that generally speaking, the advertising and lack of reliance would not be part of the general analysis if general jurisdiction was alleged, which it is not, and it's been conceded by plaintiffs as not being the case in this case. Their brief concedes it, but their pleadings do not. And you, as the appellant, have raised it. So the question becomes whether, as the appellant, you have forfeited the issue, in my view. But I'll leave that for another moment. I see our time has lapsed, Mr. O'Toole, at least for the moment. Let me read it. Mr. Bloedvogel, I'm gonna give you an opportunity now, and Mr. O'Toole will have a few minutes after your argument. Thank you. Why don't you begin? I'd like to especially ask you the question that Justice Moore asked, and that is, if general jurisdiction has been raised by the appellant, have you forfeited the issue of general jurisdiction in your brief? I don't believe so. I believe the wording of my brief was essentially that was not the argument that the Circuit Court found in our favor on. So we don't need to pursue the general jurisdiction argument. And the other point I would make, and it's fairly obvious, but waiver, forfeiture, those doctrines, they would be a limitation on the parties and not on the court. So if the court finds, per judicial notice, that Missouri Baptist is subject to Illinois general jurisdiction, there's nothing precluding the court from making that finding. And certainly the court can affirm on any basis supported by the record, and I think that would extend to any matters the court could easily take judicial notice of. Do you think, asking Justice Moore's question, that we can take judicial notice for general jurisdiction of Missouri Baptist's relationship to the BJC healthcare system? I believe so. I think just last week I was in a trial court on the judicial notice issuing. Generally speaking, it's matters of public record that cannot be subject to any meaningful dispute. And I think it is a matter of public record, A, that they're owned by BJC, and B, that BJC has facilities in Madison County, St. Clair County, and throughout Illinois. So I do think it is a proper subject of judicial notice. Okay, having asked those questions, and maybe stepped on some of my brethren here, why don't you go ahead and proceed? Thank you. I believe, in addition, the circuit court's findings of specific jurisdiction are well-supported by the record. And this has come out some during the questioning, but paragraph 29 alleged, defendant purposely directs its activities to Illinois facilities and patients, and it agreed to a request by the Illinois defendants to accept Sisson as a patient. Paragraph 34 alleged, at all times relevant, defendant Missouri Baptist Medical Center, a corporation, was engaged in the business of providing medical care and accepting referrals of patients in Madison County, Illinois, by and through its officers, agents, employees, and representatives. The court already quoted paragraph 30 of count 13. All of those show the purposeful availment aspect of specific personal jurisdiction. As the courts already noted, they did file an affidavit from, I believe, Margaret Lange, but she does not contest any of those specific allegations. And as the court notes, if those allegations are not contested, then they are taken as true. So all that leaves is, well, did the cause of action arise from the Illinois context? And that's what paragraph 37 is all about, that Missouri Baptist accepted the referral of this Illinois patient, which again, the other paragraphs indicate, was not a one-off acceptance. It's part of their business model. And paragraph 37 alleges in multiple paragraphs, they accepted this Illinois patient when their facilities and when the persons at the facilities were not capable of taking care of the decedent. And the paragraphs beyond that, I think going through 40, allege that the decedent was injured and died as a result of their inability to take care of her. So that's purposeful availment. That's the cause of action arises out of or relates to the Illinois context. Yeah, the only other issue that I wanted to highlight is these statements, well, two things. The reply talks about how we have to show they attempted to exploit a market. And I think the allegations I just read show that that is in fact what they were doing. This was not a one-off event where the decedent drove over to the Missouri, got medical care, drove back. Part of their business model is to routinely accept referrals of Illinois patients, uncontested. The second is they said, we have to show that they chose to accept Illinois patients. Well, the complaint alleges that's what they did. Again, not contested by the Wang affidavit. So the only other issue I wanted to highlight was in their briefing, they repeatedly state that we have to prove that they committed a tortious act within the state of Illinois. And the case law is clear that that actually is not the burden. That's the lender case out of this district from 2020, where it states second G.I.W.'s contention that the plaintiffs must prove that G.I.W. committed a tortious act within the state of Illinois for the circuit court. The exercise personal jurisdiction over G.I.W. is incorrect. That's at paragraph 11. And this court went on to say, while establishing that G.I.W. committed a tortious act in the state of Illinois pursuant to 735 ILCS 5-2-209A2 is one way to establish personal jurisdiction over G.I.W. is not the only way. And said, no, that there's a catch-all provision in the long arm statute that was added in 1989. And that catch-all provision says, and showing that defendant purposefully directed his activities at the forum state and the cause of action arose out of or relates to the defendant's contacts with the forum state is all that is needed to prove. And it quotes Russell and it quotes Burger King for that. And here again, the Lange affidavit does not contradict the allegations of personal availment. It certainly doesn't purport to try and contradict the allegations that are in paragraph 37, stating that the cause of action arose out of and relates to the acceptance of the Illinois referral. So I think that is clear. The Russell case that it's quoting from is a French company manufacturing a custom tail rotor bearing for a helicopter that ends up crashing in Illinois. The French company didn't do anything in Illinois and yet the only Supreme Court held there was jurisdiction. The Ford Motor Company case that the parties have talked about, Ford was saying, hey, it did not sell or design or manufacture the cars in question that ended up causing accidents in Montana or Minnesota. And US Supreme Court said, well, arise out or relates to is nowhere near as narrow as you represent. And it said, you had people who were residents of Montana or Minnesota who were injured, cause of action arises out of or relates to. So, yeah, I realize I'm wrapping up early but I think there is enough for the court to take judicial notice that would lead to a finding of general jurisdiction. But I also think that the circuit court's findings of specific jurisdiction are well-supported by the record when the Lange affidavit does not contradict any of the allegations in the complaint that alleged there would be specific jurisdiction, that there would be purposeful availment and that the cause of action arises out of or relates to the Illinois context. So- Mr. Waldvogel, in the helicopter case where the French company came in and the helicopter crashed in Illinois, was that a specific or a general jurisdiction case? I believe that was actually a specific jurisdiction case. I don't remember if the court made any findings as to general jurisdiction. I know for sure the Illinois Supreme Court did find specific jurisdiction. What was the name of that case? That is, it's been in the pleadings. Russell. Okay. The citation is 2013 IL113-909. Okay. I'm pretty sure I recall that, but I wanna look at it again. Thank you. Certainly. If there are no other questions, I will concede the rest of my time. I have a couple of questions. Certainly. In count 13, paragraph 34, you allege that Missouri Baptist was engaged in the business of providing medical care and accepting referrals of patients in Madison County. Are you alleging that Missouri Baptist in any way provided medical care within Madison County, either to Ms. Sisson or to other patients, or are you simply alleging that Missouri Baptist is a medical care facility that accepts patients from Madison County? I believe that allegation was, to be fair, that was alleging they provide medical care to residents from Madison County. Okay. They were engaged in a business of providing medical care to residents from Madison County. And in your research, I don't believe you cited this case, 432-Fed-3-50, Harlow against Children's Hospital, which seems to be a case with similar facts. Did you find that case in your research? I did not. I'll ask that of Mr. O'Toole as well. And if I may, there is one case I did want to highlight. It is in the briefing, but while I have time left, there is this Green case, Green v. United States, 2016, Westlaw, 624-8281, Southern District, Illinois, 2016. What I think is interesting about the Green case is the court initially thought it did have specific jurisdiction, and it stated the reason it did at first is it appeared that defendant Oak accepted Green as a patient and treated Green, knowing that Green was a federal inmate house at FCI Greenville, located in Illinois. It also noted it appeared that defendant Oak effectively entered into an agreement with FCI Greenville, a facility located in Illinois to treat an Illinois resident. Green ultimately reconsidered its ruling because it decided it was clear the Missouri provider had no prior arrangements with Illinois facilities to treat that patient or any other patient. But what I found interesting about Green is when the court thought the defendant had accepted the Illinois patient and knew it was treating the Illinois patient, it thought that was enough for specific jurisdiction. And the court also found it was enough if there was any indication there were prior arrangements to treat Illinois residents. So ultimately it found it did not have those facts, but this case, clearly we do have those facts. We have those allegations and they're not denied. So I think Green also compels a finding of specific jurisdiction here. The case I cited by the way is a First Circuit case from the First Circuit Court of Appeals. Okay. Yes, I have not had the opportunity to look at that case. So I apologize. The other thing I will note while I have time is there were multiple cases cited in the briefing by defendant. But I think the briefing makes all the distinctions but two main distinctions I wanna highlight is one is a lot of them were entered before the 1989 amendments to the long arm statute that added the catch-all provision. And two is all of those cases seem to involve a Illinois patient unilaterally going over to Missouri for medical treatment, then going back to Illinois without any allegation that the Illinois or that the Missouri facility or any other out-of-state facility routinely accepted Illinois patients or had that as part of their business practice. So I think that clearly distinguishes our case from the one cited in defendant's briefing. Anything else, Mr. Blodvogel? No, that is all I have. Thank you. All right, Justice Welch, any questions? No questions. Justice Moore? Nothing further. Okay. Mr. O'Toole, do you have some rebuttal or response? I do, Your Honor, thank you. Your Honor, I'm glad that Appellee's Council brought up the Green case. The Green case is what but one of a long line of cases involving medical care between Missouri and Illinois that have evolved over the decades where the courts have carved out a very clear rule that a patient who travels to another state for medical care should expect to have to travel back to that state if there's a complaint about that medical care. That's exactly what we have here. And I think one of the issues that we have in this case that's been illustrated, one of the problematic issues is the ruling by a trial court judge in St. Clair County on this very same issue where he correctly analyzed the issue of jurisdiction and found that there was none. That is the St. Clair case of Schultz versus St. Elizabeth's Hospital that was cited in our brief. And in that case, Judge Rudolph correctly analyzed the issue of specific jurisdiction. And namely, he pointed out that the alleged contacts of Washington University in Illinois, which admittedly was affiliated with an Illinois company and admittedly was receiving profits, the cause of action did not arise out of those contacts. Instead, the cause of action arose solely out of medical care that was provided in Missouri. And because of that fact, there was no specific jurisdiction over Washington University in St. Clair County. And he cited the Sabados case, which we also cited in both our motion to dismiss and all of our appellate briefing. Sabados is 492 Northeast 2nd, 1267. Again, it's another one of the cases where Illinois courts have clearly established that the tenuous fortuitous contacts initiated by individuals from Illinois into Missouri cannot serve as the basis for specific jurisdiction. And again, going back to the issue of general jurisdiction, my argument would be, number one, it has been waived. Plaintiff's counsel filed their appellate brief. It's the last brief that was in front of this court for consideration. They conceded that general jurisdiction is not an issue in this case. More importantly, even if the court chose to analyze general jurisdiction, the Supreme Court is very clear that general jurisdiction can only exist and impose general jurisdiction under a specific set of circumstances, none of which are present in this case. And at the end of the day, what the plaintiff has alleged in this case, even if you were to take plaintiff's allegations as true, is that an Illinois provider, unsolicited, uncontacted, reached out to Missouri Baptist, a Missouri corporation, and requested that a patient be transferred to Missouri for medical care to occur solely in Missouri. That is the sole extent of the contact that gave rise to the allegations in this case. And the allegations in this case are medical negligence that only occurred in Missouri. There are no allegations of negligence in the transfer or the acceptance of the patient, solely the negligence that is claimed to have occurred in Missouri. And I do not think that it is appropriate for the court to take judicial notice of a corporate organizational structure that has not been alleged in the pleadings. Plaintiff has not claimed that it serves as a basis for anything in this case. It's beyond the scope of the pleadings and it's not pertinent to the issues that are relevant in front of this court today. And again, I don't think that I'm being alarmist in stating this, that based on the allegations in this case and the claims of specific jurisdiction in this case, if the court were to decide that the sole contact initiated by someone from Illinois can suffice to satisfy specific jurisdiction, that eliminates the analysis of jurisdiction overall and would subject parties in Missouri to being pulled into Illinois on the basis of specific jurisdiction under any number of circumstances and would have dramatic constitutional implications and dramatic detrimental implications on interstate commerce in general. Mr. Mr. Have you found the case that I mentioned, 432 Fed 350 Harlow against Children's Hospital, First Circuit? I did not, your honor. Mr. O'Toole, could you distinguish if you can under general jurisdiction, not specific jurisdiction, the Russell versus SNFA case by our Illinois Supreme Court, which is the helicopter case? Yes, judge. I think the helicopter case is a stream of commerce case. And the court found in that case that because the helicopter company had taken active measures to reach again into Illinois, they had sold parts into Illinois. There was tangible conduct on the part of that out-of-state defendant into Illinois to sell those parts, introduce them into the stream of commerce such that it would reasonably be expected to be hailed into court in Illinois if an issue arose. You do not have any of those circumstances here. All of the conduct by plaintiff's own allegations came out of Illinois. There was no reaching in by a Missouri- That's not exactly true because as I've pointed out, paragraphs 29 and 30 talk about the conduct of the defendant reaching into Illinois. You don't think that's similar to what the Illinois Supreme Court decided in Russell? No, judge, I respectfully do not. I believe that the introduction of parts by a company that's selling helicopter parts into a state would reasonably expect a company to expect to be called in if there's a problem with those parts. In this case, the allegation is that there was some sort of amorphous advertising, but there is no allegation that that individual provider in Illinois chose to contact Missouri Baptist to then send a patient across state lines solely for care in Missouri. I don't think a Missouri corporation who received a phone call, agreed to accept a patient, and then rendered care in Missouri should expect to be called into Illinois to answer for that care. They should expect to be called in Missouri. And I understand your argument on specific jurisdiction, but unfortunately your time has lapsed. Justice Moore, any other follow-up? No, no other questions. Justice Welch? No questions. Okay, gentlemen, thank you. This is obviously a fascinating case that deserves our attention. We appreciate your arguments here today, and the matter will be taken under advisement. We'll issue an order in due course. Thank you so much. Have a great day.